UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden, | ) C/A No.: 3:10-68-RBH-JRM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Simon Major, Director of Sumter-Lee Regional Detention Center, | ) |
| Respondent. | ) |

Petitioner, a pre-trial detainee at the Sumter-Lee Regional Detention Center in South Carolina, files this matter pursuant to 28 U.S.C. § 2241. According to the petition, petitioner was informed on September 26, 2009 that an arrest warrant for the charge of burglary in the 2nd degree has been lodged against him in Clarendon County, South Carolina. Petitioner alleges he has not yet been served with the Clarendon County warrant. He claims this is a violation of his right to a speedy trial. He also alleges that by having a detainer lodged against him he is effectively denied the right to bond. Petitioner further argues that failure to serve the warrant prevents him from presenting possible "viable defenses."

Petitioner states that he has exhausted his state remedies. Petitioner claims he filed a petition for writ of mandamus in Clarendon County on November 3, 2009. Petitioner alleges his motion to proceed *in forma pauperis* was denied. In a letter dated December 14, 2009, petitioner was advised that he must pay the $150.00 filing fee if he wished to proceed with his petition for writ of mandamus in Clarendon County. Prior to receiving this letter, petitioner filed a petition for writ of mandamus on November 30, 2009 with the South Carolina Supreme Court. Petitioner alleges this petition was also denied.

Petitioner asks this court to issue an order dismissing the Clarendon County's arrest warrant, if it is not served by March 26, 2010, for failure to prosecute.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

As a general rule, a federal court will not entertain a petition for a writ of habeas corpus filed by a person in state custody, unless that person has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). This exhaustion of

state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. *O'Sullivan*, 526 U.S. at 844; *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam); *Rose v. Lundy*, 455 U.S. at 518-19.

To satisfy the exhaustion of state remedies requirement, a state detainee must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court. See *O'Sullivan*, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process")

The present case is different from most habeas corpus proceedings initiated by individuals in state custody, because petitioner is not challenging a state criminal conviction or sentence, or any other final state court judgment. It is therefore doubtful that petitioner is eligible for habeas corpus relief under 28 U.S.C. § 2254, which is the traditional federal remedy for an individual who is challenging his or her detention by state authorities. See *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (detainee's "petition under 28 U.S.C. § 2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court' "); *Hirsch v. Smitley*, 66 F.Supp.2d 985, 986 (E.D.Wis.1999) ("[s]ection 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges"). However, a state detainee can sometimes seek federal habeas relief before the entry of a final state court judgment under 28 U.S.C. § 2241, as petitioner has attempted to do here. See *Dickerson*, 816 F.2d at 224

("[p]re-trial petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); *Hirsch*, 66 F.Supp.2d at 986 ("[p]re-judgment habeas relief is available ... under 28 U.S.C. § 2241"); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"); Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241. *Dickerson*, 816 F.2d at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); *Moore v. DeYoung*, 515 F.2d 437, 442 (3rd Cir.1975) (" 28 U.S.C. § 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."); See also *Davis v. Mueller*, 643 F.2d 521, 525 (8th Cir. 1981) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the " 'notion of comity' " and "the proper respect for state functions").

Ordinarily then, a state detainee must await the entry of a final state court judgment in order to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review. In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances."

There are few reported cases in which courts have actually found the type of "extraordinary circumstances" that allow for federal interference with ongoing (non-final) state criminal proceedings. Most of those cases involve double jeopardy claims. See e.g., *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir.1992) ("[a] claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause"), citing *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir.1992); and *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir.1992). In this case, however, petitioner has not presented any Double Jeopardy claim.

Speedy trial claims may also be reviewable in a pre-trial federal habeas proceeding, but only after exhaustion of state remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Here, petitioner obviously believes that his detainment has not comported with all legal requirements, but he has not shown the type of extreme misconduct that could warrant federal interference in a pending state criminal case.

Furthermore, even where there are "extraordinary circumstances" warranting federal habeas review before the entry of a final state court judgment, the petitioner still must show that he has pursued all available state court opportunities to obtain the relief he is seeking. *Dickerson*, 816 F.2d

at 228 (petitioner's speedy trial issue could be reviewed in federal court before trial, "provided that the state courts have had an opportunity to rule on the issue"); *Moore*, 515 F.2d at 445-46 ("the cases in which the speedy trial claim has been raised in a pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts").

In sum, a state detainee can seek federal habeas corpus relief under 28 U.S.C. § 2241 before the entry of a final state court judgment against him. In most cases, however, the principles of comity and federalism will bar federal habeas review of state criminal proceedings until after judgment has been entered and the state appeal process has been completed. In "extraordinary circumstances," federal habeas review might be available before a final judgment has been entered, but even then, a pre-judgment application for federal habeas corpus relief will be entertained only if the petitioner has first given the state courts a full and fair opportunity to address his federal constitutional concerns.

Applying these principles here, it is readily apparent that petitioner is not eligible for federal habeas corpus relief at this time. He has not shown the type of "extraordinary circumstances" that allow for an exception from the *Younger* rule, which generally bars federal courts from interfering in pending state criminal cases. Furthermore, even if such circumstances could be found here, the present action still would be premature, because petitioner has not yet given the state courts an adequate opportunity to consider the federal constitutional claims that he is attempting to raise *on the merits*, because his motion to proceed *in forma pauperis* before the Clarendon County Court of Common Pleas was denied. As for his petition filed with the South Carolina Supreme Court, it too was denied, and petitioner has not demonstrated that the Supreme Court heard his claim on the merits.

Additionally, federal courts have held that if the claim can be presented at the state court

level then the litigant must do so. *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir.1980) (reversing district court's grant of habeas relief on Sixth Amendment speedy trial claim because the claim should have been presented *at the state trial*)(emphasis added). See also *Dickerson v. Louisiana*, 816 F.2d 220, 226-27 (5th Cir.1987) (affirming denial of pretrial habeas relief on Sixth Amendment speedy trial claim, citing cases reaching same result, and commenting on lack of authority justifying the grant of pretrial relief); *Neville v. Cavanagh*, 611 F.2d 673, 674-76 (7th Cir.1979) (affirming denial of pretrial habeas petition claiming violation of right to speedy trial under Interstate Agreement on Detainers Act, even though claim was presented to state supreme court).

In fact, petitioner's claims are comparable to the speedy trial claim that was involved in the *Moore* case. In *Moore*, 515 F.2d at 443, the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. See generally *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); *Dickerson*, 816 F.2d at 226-27. Since petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances" or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. See *Younger*, 401 U.S. at 43-44.

Thus, the court concludes that petitioner's current application for federal habeas corpus relief cannot be entertained at this time. His petition is premature, because he has not yet given the state courts-including the state appellate courts-a full and fair opportunity to consider all of his claims on the merits. The court will therefore recommend that this action be summarily dismissed. However, it will be recommended that the case be dismissed without prejudice, so that petitioner will be able to return to federal court, if necessary. See *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (dismissal of first habeas petition without prejudice due to

non-exhaustion does not preclude petitioner from filing a later post-exhaustion petition).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996. *Cf. Granberry v. Greer,* 481 U.S. 129, 135 &n.7 (1987); and *Aubut v. Me.*, 431 F.2d 688, 689 (1st Cir. 1970).

Joseph R. McCrorey
United States Magistrate Judge

February 22, 2010
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).