```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
           COLUMBIA DIVISION
```

| | |
|---|---|
| Bernard McFadden, | Civil Action No.: 3:10-68-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Simon Major, Director of Sumter-Lee Regional Detention Center, | |
| Respondent. | |

Petitioner, proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2241. Petitioner is currently a pre-trial detainee at Sumter-Lee Regional Detention Center in Sumter, South Carolina.

According to the petition, Petitioner was informed on September 26, 2009, that an arrest warrant for burglary in the 2nd degree had been lodged against him in Clarendon County, South Carolina. Petition [Docket Entry 1] at 1. Petitioner alleges that he has not yet been served with the Clarendon County arrest warrant. *Id.* As a result, Petitioner contends that the following rights have been violated: (1) right to a speedy trial, (2) right to present a defense and call witnesses, and (3) right to bond under the 8th Amendment. *Id.* at 2-3. For relief, Petitioner asks this court to issue a writ of habeas corpus dismissing the Clarendon County arrest warrant if it is not served within six (6) months of his petition. *Id.* at 1-2.

This matter is now before the court with the [Docket Entry 6] Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey[1] filed on February 23,

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

2010. In his Report, the Magistrate Judge recommended that the court should summarily dismiss Petitioner's petition without prejudice. Petitioner timely filed objections to the Magistrate Judge's Report. *See* Obj. [Docket Entry 8].

### Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

The Magistrate Judge recommended summary dismissal of Petitioner's petition. In doing so, the Magistrate Judge stated the following:

> [I]t is readily apparent that petitioner is not eligible for federal habeas corpus relief at this time. He has not shown the type of "extraordinary circumstances" that allow for an exception from the *Younger* rule, which generally bars federal courts from interfering in pending state criminal cases. Furthermore, even if such

circumstances could be found here, the present action still would be premature, because petitioner has not yet given the state courts an adequate opportunity to consider the federal constitutional claims that he is attempting to raise *on the merits*, because his motion to proceed *in forma pauperis* before the Clarendon County Court of Common Pleas was denied. As for his petition filed with the South Carolina Supreme Court, it too was denied, and petitioner has not demonstrated that the Supreme Court heard his claim on the merits.

Report at 6. Petitioner objected to the recommendation of dismissal.

Petitioner first contends in his objections that the Magistrate Judge made no reference to "his right to a bond complaint . . . alleged in his Petition at pages 2 through 4." Obj. at 1. The court finds this statement to be incorrect. On the first page of the Report, the Magistrate Judge stated that Petitioner sought relief for an alleged denial of his right to bond. Report at 1. The Magistrate Judge then discussed all three of Petitioner's claims together,[2] and ultimately determined that summary dismissal is appropriate. *Id.* at 6-9. Therefore, the court overrules this first objection.

Petitioner's second objection pertains to the Magistrate Judge's recommendation that the court should not hear Petitioner's claims at this time. Petitioner generally contends that the court should hear his right to bond claim because, if not, he will suffer irreparable injury. Further, he contends that "there is no available remedy he can think of for which he can effectively have the trial court or the appellate court grant relief . . . because at those stages of the case, the right to a

---

[2] The court does note that the Magistrate Judge specifically mentioned, and independently discussed, Petitioner's speedy trial claim. *See* Report at 5, 7. However, a review of the Report in its entirety reveals that the Magistrate Judge analyzed all of Petitioner's claims and found that the court should not entertain those claims at this time. *See id.* at 7 ("[The] petition is premature, because [Petitioner] has not yet given the state courts-including the state appellate courts–a full and fair opportunity to consider *all of his claims* on the merits.") (emphasis added). In fact, the Magistrate Judge consistently referred to Petitioner's multiple claims in making his determination. *See id.* at 7 ("Petitioner's *claims* are comparable to the speedy trial claim that was involved in the *Moore* case."). The Magistrate Judge appears to have specifically referred to Petitioner's speedy trial claim because he was analyzing relevant case law that applied to only that claim. *See id.* at 5 (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973)).

3

reasonable bond will have been lost." Obj. at 2. The court is unpersuaded by Petitioner's argument. Ordinarily, federal courts should refrain from interfering with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Interference with pending state criminal proceedings should "not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996); *see also Kugler v. Helfant*, 421 U.S. 117, 123 (1975) ("[I]n the absence of exceptional circumstances creating a threat of irreparable injury both great and immediate, a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution.") (internal quotations and citations omitted). In the case at bar, Petitioner has not shown the type of extreme misconduct or harassment that would warrant federal interference with his pending state criminal case. *See Kugler*, 421 U.S. at 124 (holding that federal intervention is allowed where there is a showing of "bad faith" or "harassment" by state officials responsible for the prosecution). Moreover, Petitioner has set forth no case law supporting his contention that his right to bond claim is an "extraordinary circumstance" that warrants federal intervention. Therefore, the court agrees with the Magistrate Judge that "extraordinary circumstances" warranting federal interference do not exist in this case.

Finally, in a footnote in his objections, Petitioner objects to the Magistrate Judge's finding that Petitioner had not given the state courts a full and fair opportunity to consider his federal constitutional claims. Obj. at 3 n.1. Petitioner argues that no actual decision is necessary for exhaustion purposes, and that the state courts "were given their opportunity when Petitioner presented his bond hearing claims in form of Mandamuses." *Id.* However, the court also finds this final objection to be without merit. "A claim is fairly presented when the petitioner

presented to the state courts the substance of his federal habeas corpus claim." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotations and citations omitted).  In the case at bar, the court agrees with the Magistrate Judge that Petitioner has not given the state courts an adequate opportunity to consider the federal constitutional claims that he is attempting to raise on the merits.  First, Petitioner's motion to proceed *in forma pauperis* before the Clarendon County Court of Common Pleas was denied, and Petitioner took no other action thereafter in that court.  And second, Petitioner's petition filed with the South Carolina Supreme Court was also denied, and Petitioner has not argued or set forth any evidence that the Supreme Court heard his claims on the merits.  Accordingly, the court overrules Petitioner's final objection and ultimately adopts the Magistrate Judge's recommendation to summarily dismiss this petition.

### Conclusion

The court has thoroughly reviewed the Report, objections, and applicable law.  For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge.  Accordingly, Petitioner's § 2241 petition is **DISMISSED** *without prejudice* and without requiring the respondents to file a return.

**IT IS SO ORDERED**.

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 15, 2010
Florence, South Carolina